Appeal by Seaboard Air Line Railway Company, from a judgment overruling a demurrer.
The complaint alleges that the plaintiff is a resident of Franklin County and the owner of land adjoining the right of way of the defendant company; that the Board of Trustees of Franklinton Township is a corporation created by chapter 245, Laws 1909, and has complete control of the public roads in Franklinton Township, and is empowered to construct, maintain, and improve the same; that prior to the construction of said railroad the public county road ran along the lands now owned by plaintiff, and had so run for many years — beyond the memory of this plaintiff — and the said railroad company, about the year 1885, in the construction of its road at this point, laid its track along (394) the side of and parallel to said public road, but within less than forty feet thereof. The said public road, running within forty feet of said railroad track and on its right of way, has been recognized and used as a public road ever since — up to the time complained of was continuously so used; and the said railroad company has never obtained any grant or conveyance thereof from any authorized source, nor made any consideration therefor; that said public road was one of the most important public roads in said Franklinton Township, and under said act of the General Assembly of 1909 it was under the control of said road trustees and full power was vested in said trustees to improve same as might be desired for the best use of the public; that in June, 1910, the defendant road trustees began the work of improving said public road, but along the plaintiff's land, where said road was within forty feet of said railroad track, as plaintiff is informed and believes, and so avers, said road trustees were forbidden by the said defendant railroad company to do any work in the way of drainage or grading said public roadbed or otherwise improving same at any place within forty feet of the center of the railroad track; that, after being forbidden, and in consequence thereof, said road trustees proceeded to construct a public road adjoining the lands of said railroad outside of its right of way and upon the lands of the plaintiff; that in the construction of the said public road there was taken from the plaintiff's land a strip thirty *Page 331 
feet wide and ______ long, including a part of the yard in front of plaintiff's residence, to his great damage; that to his request to have his damages assessed under the provisions of the said Franklinton Township Roads Act fixed, the road trustees reply that the said defendant railroad, having taken the public road in its right of way, should pay all the damages caused in securing a location for the road as now laid off on plaintiff's land. The defendant railroad denies liability therefor, and plaintiff, by both defendants, is denied recompense for the injuries sustained by him. And the plaintiff is unable, therefore, to determine in what jurisdiction and in what manner to move for the remedy for the injury done to him.
The defendant railroad demurs to the complaint, upon the (395) ground that it does not state a cause of action against it, and further because it discloses that the remedy of the plaintiff is by mandamus against said board of trustees.
Judgment was entered overruling the demurrer, and the defendant excepted and appealed.
We are unable to see that any cause of action is stated against the defendant railroad.
The plaintiff does not allege that said defendant has entered upon his land, or has committed any act causing him injury, nor is any relationship shown which would make the defendant liable for the acts of the board of trustees.
It would seem that the board of trustees had the right to enter upon the lands of the plaintiff for the purpose of locating, relocating, or changing a public road, and the act of the General Assembly (chapter 245 Laws 1909) which confers this power furnishes a remedy to the owner of the land thus taken for a public use.
The question debated here, as to the right of the trustees to proceed against the railroad, is not before us, and we refrain from expressing any opinion upon it.
There is error in overruling the demurrer, and the judgment is
Reversed. *Page 332